## Warner Bros. Pictures Distributing Corp. v. Moffa

O. *Jacob Tallman*, for plaintiffs.

*William G. Malkanes*, for defendant.

SCHEIRER, J., March 10, 1964.—Nine distributors of motion pictures have joined in this equity action against defendant, an operator of movie theatres, alleging fraudulent underreporting of gross receipts derived from motion pictures leased by plaintiffs to defendant. Plaintiff's pray:

1. Defendant be enjoined preliminarily from concealing, destroying or altering books and records relating to his operation of motion picture theatres.

2. Defendant be ordered to submit, for the examination of the authorized representatives of plaintiffs, all his books and records relating to the exhibition of motion pictures at the Towne, Jeannette and 19th Street Theatres in Allentown, Pa., the Capri Theatre, Allentown, Pa., and the Ritz Theatre in Coplay, Pa., for the period from January 1, 1957, up to the present time.

3. Defendant be ordered to pay over to plaintiffs such amounts as are found to be due to them as a result of defendant's underreporting of gross receipts.

4. The court grant such other relief as may be appropriate.

Defendant has filed preliminary objections in the nature of a demurrer, motion to strike, a petition raising the defense of misjoinder of causes of action and that plaintiffs have an adequate remedy at law. Only the objection as to the joinder of plaintiffs as it relates to the form of the complaint has any possible merit, and this objection is a technical one only.

Defendant cannot be serious in questioning the right of plaintiffs to join in this action. Pa. R. C. P. 2229 (a) provides:

"Persons may join as plaintiffs who assert any right to relief jointly, severally, separately or in the altern-

ative, in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences if any common question of law or fact affecting the rights to relief of all persons will arise in the action."

See 2 Standard Pennsylvania Practice 364, §59, and 4 Anderson Pa. Civ. Pract. 533, §2229. Each of these plaintiffs entered into a separate contract with defendant and each leased pictures to defendant, thus each has a separate cause of action arising out of a series of transactions. The complaint makes the same averments as to the duties of defendant toward plaintiffs, as to the plan of defendant to defraud plaintiffs, as to the refusal of defendant to permit any agent of plaintiffs to examine his books, and as to the relief sought. It is obvious that defendant is making the same preliminary objections to all parties named in plaintiffs' complaint and it is most likely that its defense will involve the same legal grounds as to all. Thus we have a common question of law and fact affecting the rights to relief of all persons in the action. The joinder is clearly proper.

However, a question does arise out of Pa. R. C. P. 1020(b).

"If persons join as plaintiffs under Rules 2228, 2229(a) or (e), the complaint shall state the cause of action, any special damage, and the demand for relief of each plaintiff in a separate count, preceded by a heading naming the parties to the cause of action therein set forth."

Plaintiffs have not stated their cause of action, special damage, if any, and the demand for relief in separate counts. The treatises on practice seem universally to refer to this requirement as mandatory: Goodrich Amran §1020(b)-1, p. 140, 3 Standard Pennsylvania Practice 98, §8, 2A Anderson Pa. Civ. Pract. §1020.6. In Alexander v. Long, 33 Northumb. 79, Judge Troutman said.

"The foregoing rule applies where plaintiffs having separate and independent causes of action join them together for procedural convenience. Consequently, while the caption in the complaint will contain the names of all of the plaintiffs, the body of the complaint must be divided into a number of separate and self-sufficient sections. Each should be headed with the name of the particular plaintiff and the defendant and should be a complete statement of the claim of that particular plaintiff against the defendant."

This case involved the claims of five employes against a common employer for unpaid wages accruing under an oral agreement entered into on or about the same date. Separate counts were employed in the complaint. That the rule applies in equity is clear: 10 Anderson Pa. Civ. Pract., Rule §1501, p. 94 and footnote. The reasons for the rule are apparent. There is procedural convenience; severance is more practicable if a separate count is self sustaining; separate judgments must be entered for or against the joined parties; and in the case of a jury trial, there would be aid toward the separate disposition of the claims. All of the foregoing would justify sustaining defendant's objection. But other considerations bear weight as well.

The contracts entered into between the individual plaintiffs and defendant are attached to the complaint. Defendant knows the basis of plaintiffs' claims. Surely defendant will deny the averments of the complaint relating to his alleged default. Recognizing that it is not a legal pronouncement, we are tempted to say that to demand of plaintiffs the task of stating their claims in separate counts hardly seems worth the effort. We sympathize with the argument submitted by plaintiffs' counsel in his brief.

"While the plaintiffs recognize the mandatory nature of Rule 1020(b), it must be borne in mind that the nature of the action here is of discovery and account

and not in assumpsit. There is very little case law and no pertinent application of this rule to actions of this nature has been found. The material facts in respect to each plaintiff and the conduct of the defendant in respect to each are identical. The amount due each plaintiff is impossible to aver at this stage of the case. The request for discovery is identical in the case of each plaintiff. The insistence upon separate counts as to each plaintiff in this matter would resolve itself to endless repetition of the same words and sentences or resort to the uninformative and rather purposeless device of incorporating by reference."

Defendant's counsel grudgingly seems to apologize for insisting on enforcement of the rule.

"The Defendant realizes that the business of the courts must be handled expeditiously and that at some stage of these proceedings questions may arise which concern all of the Plaintiffs and that these questions should be considered simultaneously. Nevertheless, it should be remembered that each of the Plaintiffs is a separate company, each had separate dealings with the defendant and each used its own form of contract. While the Defendant has no wish to make the disposition of this matter unduly complicated or to increase the cost unnecessarily, there should be some recognition of the individual character of each of the Plaintiffs' claims so that there will be no blurring of issues or prejudice to the defendant. . . ."

We are not unmindful of the spirit suggested in Pa. R. C. P. 126,

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure *which does not affect the substantial rights of the parties.*" (Italics supplied.)

This being an equity action, to be heard by a chancellor rather than by a jury, we strongly feel that no substantial right of the parties will be affected by a disregard of the letter of Pa. R. C. P. 1020 (b), nor need there be any legitimate fear "that there will be" . . . a . . . "blurring of issues or prejudice to the defendant." Two competent lawyers and a careful chancellor can do much to try and to adjudicate this matter on the basis of the present complaint and a responsive pleading without either great inconvenience or difficulty. Certainly defendant can assert any defense he has or plead new matter affecting less than all of plaintiffs by setting up separate paragraphs, sections or counts. Possibly plaintiffs themselves or the chancellor may be handicapped slightly by the present form of pleading, but it will not be insurmountable and a contribution may be made toward a "just, speedy and inexpensive determination" of the action.

The preliminary objections of defendant must be dismissed.

Now, March 10, 1964, defendant's preliminary objections are dismissed and defendant ordered to answer on the merits within 20 days after service of this order upon his counsel.